UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH
THIRD BANK SALES AND LENDING PRACTICES LITIGATION        MDL No. 3128


## TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in the District of New Jersey *Yarnall* action move under 28 U.S.C. § 1407 to centralize this litigation in the District of New Jersey.[1] The litigation consists of five actions pending in five districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of nineteen related actions pending in nine additional districts.[2]  Plaintiffs in the District of Connecticut *Perez* and *Stamnes* actions oppose centralization and, alternatively, suggest centralization in the District of Connecticut.  Plaintiff in the Eastern District of Virginia *Kenny* action opposes centralization and, alternatively, suggests the Eastern District of Virginia as the transferee district.  Plaintiff in the Middle District of Florida *Torrado* action opposes centralization and, alternatively, requests centralization in the Middle District of Florida.  Plaintiffs in the Middle District of Florida *Shoshana Smith* potential tag-along action ask that their action be excluded from any MDL and, alternatively, suggest the Middle District of Florida as the transferee district.  Plaintiffs in twelve additional potential tag-along actions also ask that their actions be excluded from any MDL.  Defendants Fifth Third Bank, National Association; Dividend; and Dividend Finance, LLC (together, Dividend), support centralization in the Southern District of Ohio or, alternatively, the District of Connecticut.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Plaintiffs in these actions allege that they were induced to finance the purchase of residential solar systems with Dividend through the deceptive sales tactics of solar sales and

---

[*]  Judge Karen K. Caldwell did not participate in the decision of this matter.  In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]  In their reply brief, movants alternatively suggest the District of Connecticut as the transferee district.

[2]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

Case MDL No. 3128   Document 65   Filed 10/03/24   Page 2 of 4

- 2 -

installation companies with which Dividend partnered. They claim that the solar companies made false representations regarding both the solar systems to be installed and the terms of Dividend's financing, and that the amounts of the loans improperly included undisclosed finance fees. The actions share common questions of fact concerning, *inter alia*, the relationship between Dividend and the solar companies, the tactics employed by the solar companies to sell solar systems and originate loans, whether Dividend and the solar installers worked together to develop and employ such tactics, the nature of the sale and loan agreements, and representations made by the solar companies and Dividend regarding the solar power systems and the terms of the agreements. Four actions are putative class actions brought on behalf of overlapping classes of solar system purchasers. Plaintiffs variously assert claims for unjust enrichment, violation of various state consumer protection laws, fraudulent concealment, negligent misrepresentation, and violation of the Truth in Lending Act or the Equal Credit Opportunity Act. Discovery will overlap substantially, and centralization will avoid the risk of inconsistent rulings on pretrial issues, including class certification.

Plaintiffs opposing centralization argue that the actions involve different legal claims, different proposed classes, and numerous case-specific issues of fact, and that the sole overlapping issue—whether Dividend charged a hidden, upfront "platform" fee—is legal rather than factual. It is true that the actions involve individual questions of fact—plaintiffs purchased solar systems from a variety of different solar companies and had separate experiences with the salespersons and systems installed. But, as noted above, common factual issues exist across the cases, in particular questions relating to whether Dividend and the solar companies were jointly engaged in a scheme to induce homeowners to purchase solar systems and enter into loan agreements through deceptive means. That the actions involve differing legal claims is "not significant when, as here, the actions arise from a common factual core." *See In re Air Crash Over the S. Indian Ocean, on Mar. 8, 2014,* 190 F. Supp. 3d 1358, 1359 (J.P.M.L. 2016). Nor is it an obstacle to centralization that the actions are brought on behalf of different putative classes, where several seek certification of nationwide classes that subsume the others.

Opponents of the motion also maintain that centralization is not warranted because there is a reasonable prospect that the actions will be transferred to a single court via Section 1404 motions. They point out that, in July 2024, Dividend filed a motion in the District of Connecticut *Perez* action, asking that the court determine *Perez* to be the first-filed action, and stating that, if it did so, Dividend would move to transfer the other four actions to the District of Connecticut via Section 1404. This argument is not persuasive. Dividend's motion in *Perez* has not been ruled on, and only one action has been transferred to the District of Connecticut to date. In any event, Dividend has noticed nineteen additional actions as potential tag-along actions, and further actions may be filed. Under the circumstances, transfer via Section 1404 does not seem an efficient or practicable means of placing all actions before a single court.[3]

We select the District of Minnesota as the transferee district for this litigation. One potential tag-along action—*State of Minnesota*—is pending there, before Judge Katherine M.

---

[3] Transfer of potential tag-along actions will be addressed through the conditional transfer order process. See Panel Rule 7.1.

- 3 -

Menendez.  Judge Menendez, to whom we assign the litigation, is a skilled jurist who has not yet had the opportunity to preside over an MDL.  We are confident that she will steer this matter on an efficient and prudent course.

      IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Katherine M. Menendez for coordinated or consolidated pretrial proceedings.

      PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH THIRD BANK SALES AND LENDING PRACTICES LITIGATION**   MDL No. 3128

## SCHEDULE A

<u>District of Connecticut</u>

PEREZ, ET AL. v. FIFTH THIRD BANCORP, ET AL., C.A. No. 3:23−01665
STAMNES, ET AL. v. FIFTH THIRD BANK, NATIONAL ASSOCIATION, ET AL., C.A. No. 3:24−01504

<u>Middle District of Florida</u>

TORRADO v. DIVIDEND FINANCE, INC., ET AL., C.A. No. 3:24−00410

<u>District of New Jersey</u>

YARNALL, ET AL. v. FIFTH THIRD BANK, N.A., ET AL., C.A. No. 2:24−07244

<u>Eastern District of Virginia</u>

KENNY v. FIFTH THIRD BANK, NATIONAL ASSOCIATION, C.A. No. 3:24−00402